IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAX- PLANK-GESELLSCHAFT ZUR FÖRDERUNG DER WISSENSCHAFTEN E.V., a corporation organized under the laws of Germany; <br><br> MAX- PLANK-INNOVATION GMBH, a corporation organized under the laws of Germany; and <br><br> ALNYLAM PHARMACEUTICALS, INC., a Delaware corporation, <br><br>                       Plaintiffs, <br><br>   v. <br><br> WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation; <br><br> MASSACHUSETTS INSTITUTE OF TECHNOLOGY, a Massachusetts corporation; and <br><br> BOARD OF TRUSTEES OF THE UNIVERSITY OF MASSACHUSETTS, a Massachusetts corporation, <br><br>                       Defendants. | Civil Action No. |

<u>NOTICE OF REMOVAL</u>

**TO THE JUDGES AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1338, 1367, 1441, and 1446, Defendant Whitehead Institute for Biomedical Research ("Whitehead"), with the express consent of Defendants Massachusetts Institute of Technology and Board of Trustees of the University of Massachusetts, removes to this Court the state-court action described in paragraph 1 below.

**PROCEDURAL MATTERS**

1. The removed case is a civil action filed on June 26, 2009. The action was filed by Plaintiffs Max-Planck-Gesellschaft zur Förderung der Wissenschaften e.V. ("Max-Planck"), Max-Planck-Innovation GmbH, and Alnylam Pharmaceuticals, Inc., in the Suffolk County Superior Court, Massachusetts, having been assigned Case No. 09-2674-BLS and styled <u>Max-Planck-Gesellschaft zur Förderung der Wissenschaften e.V., Max-Planck-Innovation GmbH, and Alnylam Pharmaceuticals, Inc. v. Whitehead Institute for Biomedical Research, Massachusetts Institute of Technology, and Board of Trustees of the University of Massachusetts</u>.

2. Defendant Whitehead was served with the complaint and summons on or after June 26, 2009. No defendant was served prior to June 26, 2009. As required by 28 U.S.C. § 1446(a), attached as Exhibit 1 are copies of the summonses and complaint served on Defendant Whitehead. Attached as exhibits are copies of the following pleadings that counsel for Defendant Whitehead received late in the afternoon of June 30, 2009, which may have been filed in the state-court action:

Plaintiff's Ex Parte Motion for a Short Order of Notice (Exhibit 2).

Ex Parte Motion for a TRO (Exhibit 3)

Plaintiff's Motion for Preliminary Injunction (Exhibit 4)

      Memorandum in Support (Exhibit 5)

      Affidavit of Wolfgang Wiess (Exhibit 6)

      Affidavit of Nancy Linck (Exhibit 7)

      Affidavit of David Gindler (Exhibit 8)

      Affidavit of Sandra Habery (Exhibit 9)

      Affidavit of Joern Erselius (Exhibit 10)

3.    As of this date, none of the Defendants has filed any responsive pleading in the action in the Suffolk County Superior Court.

4.    This notice of removal is filed prior to or within 30 days of the date that the initial pleading was first served on any defendant and, therefore, is timely under 28 U.S.C. § 1446(b).

5.    Removal venue exists in the United States District Court for the District of Massachusetts, Eastern Division, because the Suffolk County Superior Court, Massachusetts is within the District of Massachusetts, Boston Division. *See* 28 U.S.C. § 1441(a).

6.    Defendant Massachusetts Institute of Technology has expressly consented to this Notice of Removal as set forth in a Consent to Removal attached as Exhibit 11.

7.    Defendant Board of Trustees of the University of Massachusetts has expressly consented to this Notice of Removal as set forth in a Consent to Removal attached as Exhibit 12.

**THIS ACTION FALLS WITHIN THE COURT'S ORIGINAL JURISDICTION BASED ON THE PRESENCE OF CLAIMS ARISING UNDER THE LAWS OF THE UNITED STATES**

8.    As set forth in detail below, the Defendants are entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441 because this is a civil action containing one or more claims arising

3

under the Patent Laws of the United States such that it is within this Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1338 and this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

9. Plaintiffs filed a nine-count complaint in state court in which they asserted various claims against the Defendants. All of these counts are premised on the same series of events or transactions, namely Defendants' alleged improper and unlawful filing and prosecution of certain United States Patent Applications (the so-called "Tuschl I applications") in the United States Patent and Trademark Office ("USPTO") by, among other things, allegedly:

(a) including in, and refusing to delete from, such applications material and information pertaining to purported inventions Plaintiffs assert belong solely to Max-Planck (the so-called "Tuschl II inventions"), *see* Complaint ¶¶ 29; 49, 64, 78;

(b) impermissibly broadening the scope of Defendants' patent protection by inserting the Tuschl II inventions into the Tuschl I patent applications; *see* Complaint ¶¶ 30; 49, 64, 78; and

(c) requesting that the USPTO issue to Defendants patents that include the Tuschl II inventions, *see* Complaint ¶¶ 31, 49.

10. In addition to claiming damages, Plaintiffs seek equitable remedies directed to prosecution and issuance of US Patents by the USPTO. Specifically, Plaintiffs seek injunctive relief to prevent the Defendants from obtaining "patents in the Tuschl I family that include the Tuschl II inventions." *See* Complaint ¶¶ 31-33. Plaintiffs also seek a declaratory judgment that the Defendants are "required to specifically include only the inventions of the Tuschl I inventors and not those of the Tuschl II inventors in their applications for patent protection." *See* Complaint ¶ 75.

11. This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a) because at least one of the Plaintiffs' claims arises under the federal patent laws. A plaintiff's claims "arise" under federal law when they "necessarily raise a stated federal issue, actually disputed

and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Immunocept, LLC v. Fulbright & Jaworski, LLP*, 504 F.3d 1281, 1284 (Fed. Cir. 2007) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

12. Although Plaintiffs purport to assert only state-law causes of action, their right to relief on some (if not all) of those claims will necessarily raise a stated federal issue, namely the United States Patent Laws, over which the United States Courts have exclusive jurisdiction.[1] In Count III, for example, Plaintiffs allege that Whitehead misappropriated Defendants' intellectual property, and thereby derived improper personal benefit, in the manner it prosecuted the Tuschl I patent applications before USPTO. *See* Complaint ¶¶ 45-51. In Count VI, Plaintiffs allege that defendants have been unjustly enriched by "broadening the scope of their property rights in Tuschl I to encroach on the Tuschl II property." *See* Complaint ¶¶ 63-66. And in Count IX, Plaintiffs allege that Whitehead breached its duty of care by negligently including material regarding the Tuschl II inventions in the Tuschl I patent applications. *See* Complaint 76-79. All of these three claims require a determination whether or not the Tuschl I patent applications filed by Whitehead, and any resulting US Patents to be issued by the USPTO, in fact include some part of the Tuschl II inventions. Because the scope of a patent's protection is defined by the claims of a patent, *see Johnson & Johnson Assocs. v. R.E. Serv. Co.*, 285 F.3d 1046, 1052 (Fed. Cir. 2002) (en banc), resolution of whether the Tuschl I applications and patents include part of the Tuschl II inventions will require an analysis of the disclosure and claims of those applications and patents. Assessing claim scope is a "substantial question of patent law." *See Immunocept, LLC v. Fulbright & Jaworski, LLP*, 504 F.3d 1281, 1285 (Fed. Cir. 2007). As is the determination of the

---

[1] 28 U.S.C. § 1338(a) states, in relevant part: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . . Such jurisdiction shall be exclusive of the courts of the states in patent . . . cases."

5

disclosure of a patent application. *See In re Ziegler*, 992 F.2d 1197, 1200-01 (Fed. Cir. 1993). Therefore, one or more of the claims as plead by Plaintiffs arise under the federal patent laws for purposes of removal jurisdiction.

13.     To the extent that Plaintiffs have asserted state-law claims that do not implicate federal patent law, this court has supplemental jurisdiction over those claims. The state-law claims "arise from the same nucleus of operative facts" as the federal claims. *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824 (1st Cir. 1997). Specifically, Plaintiffs' federal and state law claims commonly allege, *inter alia*, that the defendants negligently or intentionally misappropriated Max-Planck's intellectual property by including in, and subsequently refusing to delete from, the Tuschl I patent applications, material regarding the Tuschl II inventions. This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367 because the state-law claims are so related to Plaintiffs' federal-law claims that "they form part of the same case or controversy under Article III of the United States Constitution," and removal of the state law claims with the federal claim is appropriate under 28 U.S.C. § 1441(b).

14.     A Notice of Removal to Federal Court is simultaneously being filed to the Suffolk County Superior Court and served today. A true and correct copy of that Notice is attached hereto as Exhibit 13.

15.     This Notice of Removal is hereby signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Whitehead Institute for Biomedical Research, with the consent of Defendants Massachusetts Institute of Technology and Board of Trustees of the University of Massachusetts, hereby removes the above-entitled action from the Suffolk County Superior Court to this Court, and request that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,

By its attorney,

/s/Christopher M. Morrison
Christopher M. Morrison, Esq. (BBO # 651335)
HANIFY & KING
PROFESSIONAL CORPORATION
One Beacon Street, 21st Floor
Boston, Massachusetts 02108
(617) 423-0400
cmm@hanify.com

DATED: July 1, 2009

Of counsel:

Glenn J. Pfadenhauer
David C. Kiernan
Amer S. Ahmed
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (telephone)
(202) 434-5029 (fax)
gpfadenhauer@wc.com
dkiernan@wc.com
aahmed@wc.com
*Attorneys for Defendant Whitehead Institute for Biomedical Research*

8

## CERTIFICATE OF SERVICE

I, Christopher M. Morrison, hereby certify that I have this 1st day of July 2009 served a true copy of the foregoing document to the registered participants as identified on the Notice of Electronic Filing.

I further certify that on July 1, 2009 I caused the same to be served by first-class mail, postage prepaid, and by electronic mail on counsel for all parties to this action.

/s/ Christopher M. Morrison
Christopher M. Morrison