UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAX-PLANCK-GESELLSCHAFT ZUR FÖRDERUNG DER WISSENSCHAFTEN E.V., MAX-PLANCK-INNOVATION GMBH, AND ALNYLAM PHARMACEUTICALS, INC.<br><br>        Plaintiffs,<br>v.<br><br>WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, BOARD OF TRUSTEES OF THE UNIVERSITY OF MASSACHUSETTS<br><br>        Defendants. | Civil No. 09-11116-PBS |

## ANSWER

Defendant Massachusetts Institute of Technology ("MIT"), by its undersigned attorneys, hereby answers the Complaint in this action as follows:

Except as specifically indicated herein, MIT denies knowledge and information sufficient to form a belief as to the truth of each and every allegation made about any individual, corporation, or entity other than MIT, and thereby denies the same.

With respect to the numbered paragraphs of the Complaint, MIT states as follows:

### INTRODUCTION

1. A response by MIT to the allegations of Paragraph 1 is not required, because the allegations assert legal conclusions to which no response is required or do not relate to MIT. To the extent that there are factual allegations in Paragraph 1 which relate to MIT to which a response is required, MIT denies those allegations.

## THE PARTIES

2.      MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, which do not relate to MIT, and thereby denies the same.

3.      MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, which do not relate to MIT, and thereby denies the same.

4.      MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, which do not relate to MIT, and thereby denies the same.

5.      MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, which do not relate to MIT, and thereby denies the same.

6.      MIT admits that it is a non-profit educational and research institution organized under the corporate laws of the Commonwealth of Massachusetts with a principal place of administration at 77 Massachusetts Avenue, Cambridge, Middlesex County, Massachusetts. MIT denies any remaining factual allegations of Paragraph 6.

7.      MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, which do not relate to MIT, and thereby denies the same.

## JURISDICTION AND VENUE

8.      MIT states that the Complaint filed on June 26, 2009 in Massachusetts Superior Court, Suffolk County, purported to allege causes of action in the courts of the Commonwealth

of Massachusetts. MIT further states that because the case was removed to the United States District Court for the District of Massachusetts, the allegations of Paragraph 8 of the Complaint are not applicable or assert legal conclusions to which no response is required, and thereby denies the same.

9. MIT states that the Complaint filed on June 26, 2009 in Massachusetts Superior Court, Suffolk County, purported to allege causes of action in the courts of the Commonwealth of Massachusetts. MIT further states that because the case was removed to the United States District Court for the District of Massachusetts, the allegations of Paragraph 9 of the Complaint are not applicable or assert legal conclusions to which no response is required, and thereby denies the same.

## FACTUAL ALLEGATIONS

10. MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, which do not relate to MIT, and thereby denies the same.

11. MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, which do not relate to MIT, and thereby denies the same.

12. MIT admits that Phillip A. Sharp is an inventor of the Tuschl I inventions. MIT further states that Phillip A. Sharp (and not David Bartel) assigned his rights in the Tuschl I inventions to MIT. MIT denies that David Bartel assigned his rights in the Tuschl I inventions to MIT. Further answering, MIT states that it is a co-owner of the Tuschl I inventions. To the extent the allegations assert legal conclusions to which no response is required or do not relate to

MIT, MIT denies the same. To the extent that there are additional factual allegations in Paragraph 12 which relate to MIT to which a response is required, MIT denies those allegations.

       13.    A response by MIT to the allegations of Paragraph 13 is not required, because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 13 which relate to MIT to which a response is required, MIT denies those allegations.

       14.    MIT admits that there is a document entitled "Joint Invention and Joint Marketing Agreement" and that MIT is a party to this agreement. Further answering, MIT states that the Joint Invention and Joint Marketing Agreement document speaks for itself and is the best evidence of its contents, and thus no response is required. MIT denies any remaining allegations of Paragraph 14.

       15.    In response to the allegations of Paragraph 15, MIT states that the Joint Invention and Joint Marketing Agreement document speaks for itself and is the best evidence of its contents, and thus no response is required. MIT denies any remaining allegations of Paragraph 15.

       16.    In response to the allegations of Paragraph 16, MIT states that the Joint Invention and Joint Marketing Agreement document speaks for itself and is the best evidence of its contents, and thus no response is required. MIT denies any remaining allegations of Paragraph 16.

       17.    MIT admits that there is a document entitled "Joint Invention and Joint Marketing Agreement for RNAi Therapeutic Purposes" and that MIT is a party to this agreement. Further answering, MIT states that the Joint Invention and Joint Marketing Agreement and the Joint Invention and Joint Marketing Agreement for RNAi Therapeutic Purposes documents speak for

themselves and are the best evidence of their contents, and thus no response is required.  MIT denies any remaining allegations of Paragraph 17.

18.     In response to the allegations of Paragraph 18, MIT states that the Joint Invention and Joint Marketing Agreement for RNAi Therapeutic Purposes document speaks for itself and is the best evidence of its contents, and thus no response is required.  MIT denies any remaining allegations of Paragraph 18.

19.     In response to the allegations of Paragraph 19 and its subsections, MIT states that the Joint Invention and Joint Marketing Agreement for RNAi Therapeutic Purposes document speaks for itself and is the best evidence of its contents, and thus no response is required.  MIT denies any remaining allegations of Paragraph 19.

20.     MIT states that a co-exclusive license agreement between Max Planck and Alnylam was signed on or around December 20, 2002.  MIT further states that there are subsequent amendments to this agreement.  Further answering, in response to the allegations of Paragraph 20 and its subsections, MIT states that the Joint Invention and Joint Marketing Agreement for RNAi Therapeutic Purposes and the license agreements speak for themselves and are the best evidence of their contents, and thus no response is required.  MIT denies any remaining allegations of Paragraph 20.

21.     MIT states that a co-exclusive license agreement between Max Planck and Ribopharma was signed on or around July 31, 2003.  MIT further states that there are subsequent amendments to this agreement.  Further answering, in response to the allegations of Paragraph 21, MIT states that the license agreement speaks for itself and is the best evidence of its contents, and thus no response is required.  MIT denies any remaining allegations of Paragraph 21.

22. A response by MIT to the allegations of Paragraph 22 is not required, because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 22 to which a response is required, MIT denies those allegations.

23. A response by MIT to the allegations of Paragraph 23 is not required, because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 23 to which a response is required, MIT denies those allegations.

24. Denied.

25. A response by MIT to the allegations of Paragraph 25 is not required, because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 25 which relate to MIT to which a response is required, MIT denies those allegations.

26. A response by MIT to the allegations of Paragraph 26 is not required, because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 26 which relate to MIT to which a response is required, MIT denies those allegations.

27. A response by MIT to the allegations of Paragraph 27 is not required, because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 27 which relate to MIT to which a response is required, MIT denies those allegations.

28. A response by MIT to the allegations of Paragraph 28 is not required, because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and

MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 28 which relate to MIT to which a response is required, MIT denies those allegations.

29. A response by MIT to the allegations of Paragraph 29 is not required, because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 29 which relate to MIT to which a response is required, MIT denies those allegations.

30. A response by MIT to the allegations of Paragraph 30 is not required, because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 30 which relate to MIT to which a response is required, MIT denies those allegations.

## THE NEED FOR INJUNCTIVE RELIEF

31. A response by MIT to the allegations of Paragraph 31 is not required, because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 31 which relate to MIT to which a response is required, MIT denies those allegations.

32. A response by MIT to the allegations of Paragraph 32 is not required because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 32 which relate to MIT to which a response is required, MIT denies those allegations.

33. A response by MIT to the allegations of Paragraph 33 is not required, because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 33 which relate to MIT to which a response is required, MIT denies those allegations.

## COUNT I
### Breach of Contract

34.     MIT repeats, realleges, and incorporates by reference herein its answers to Paragraphs 1 through 33 of the Complaint.

35.     MIT admits that there is a document entitled "Joint Invention and Joint Marketing Agreement" and that MIT is a party to this agreement.  Further answering, MIT states that the Joint Invention and Joint Marketing Agreement document speaks for itself and is the best evidence of its contents, and thus no response is required.  MIT denies any remaining allegations of Paragraph 35.

36.     MIT admits that there is a document entitled "Joint Invention and Joint Marketing Agreement for RNAi Therapeutic Purposes" and that MIT is a party to this agreement.  Further answering, MIT states that the Joint Invention and Joint Marketing Agreement for RNAi Therapeutic Purposes document speaks for itself and is the best evidence of its contents, and thus no response is required.  MIT denies any remaining allegations of Paragraph 36.

37.     MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint, which do not relate to MIT, and thereby denies the same.  MIT denies any remaining allegations of Paragraph 37.

38.     A response by MIT to the allegations of Paragraph 38 and its subsections is not required because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same.  To the extent that there are factual allegations in Paragraph 38 which relate to MIT to which a response is required, MIT denies those allegations.

39.     Denied.

## COUNT II
## Breach of the Implied Covenant of Good Faith and Fair Dealing

40. MIT repeats, realleges, and incorporates by reference herein its answers to Paragraphs 1 through 39 of the Complaint.

41. The allegations of Paragraph 41 assert legal conclusions to which no response is required, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 41 which relate to MIT to which a response is required, MIT denies those allegations.

42. MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint, which do not relate to MIT, and thereby denies the same. To the extent that there are factual allegations in Paragraph 42 which relate to MIT to which a response is required, MIT denies those allegations.

43. MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint, which do not relate to MIT, and thereby denies the same. To the extent that there are factual allegations in Paragraph 43 which relate to MIT to which a response is required, MIT denies those allegations.

44. Denied.

## COUNT III
## Breach of Fiduciary Duty

45. MIT repeats, realleges, and incorporates by reference herein its answers to Paragraphs 1 through 44 of the Complaint.

46. A response by MIT to the allegations of Paragraph 46 is not required, because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 46 which relate to MIT to which a response is required, MIT denies those allegations.

47.     MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint, which do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 47 which relate to MIT to which a response is required, MIT denies those allegations.

48.     MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint, which do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 48 which relate to MIT to which a response is required, MIT denies those allegations.

49.     A response by MIT to the allegations of Paragraph 49 is not required because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 49 which relate to MIT to which a response is required, MIT denies those allegations.

50.     A response by MIT to the allegations of Paragraph 50 is not required because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 50 which relate to MIT to which a response is required, MIT denies those allegations.

51.     Denied.

## COUNT IV
## Waste

52.     MIT repeats, realleges, and incorporates by reference herein its answers to Paragraphs 1 through 51 of the Complaint.

53.     A response by MIT to the allegations of Paragraph 53 is not required, because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and

MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 53 which relate to MIT to which a response is required, MIT denies those allegations.

54. A response by MIT to the allegations of Paragraph 54 is not required because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 54 which relate to MIT to which a response is required, MIT denies those allegations.

55. A response by MIT to the allegations of Paragraph 55 is not required because the allegations do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 55 which relate to MIT to which a response is required, MIT denies those allegations.

56. A response by MIT to the allegations of Paragraph 56 is not required because the allegations do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 56 which relate to MIT to which a response is required, MIT denies those allegations.

57. Denied.

**COUNT V**
**Interference with Advantageous Business Relations**

58. MIT repeats, realleges, and incorporates by reference herein its answers to Paragraphs 1 through 57 of the Complaint.

59. MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint, which do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 59 which relate to MIT to which a response is required, MIT denies those allegations.

60.     MIT states that Max Planck entered into license agreements with Alnylam and Ribopharma. MIT denies the remaining allegations.

61.     Denied.

62.     Denied.

## COUNT VI
## Unjust Enrichment

63.     MIT repeats, realleges, and incorporates by reference herein its answers to Paragraphs 1 through 62 of the Complaint.

64.     The allegations of Paragraph 64 assert legal conclusions to which no response is required, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 64 to which a response is required, MIT denies those allegations.

65.     The allegations of Paragraph 65 assert legal conclusions to which no response is required, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 65 to which a response is required, MIT denies those allegations.

66.     Denied.

## COUNT VII
## Violation of Mass. Gen. Laws c. 93A

67.     MIT repeats, realleges, and incorporates by reference herein its answers to Paragraphs 1 through 66 of the Complaint.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

## COUNT VIII
### Declaratory Judgment

72.     MIT repeats, realleges, and incorporates by reference herein its answers to Paragraphs 1 through 71 of the Complaint.

73.     The allegations of Paragraph 73 assert legal conclusions to which no response is required, and MIT thereby denies the same. Further answering, MIT states that G.L. c. 231, §6A has been repealed and is not applicable to this case. Further answering, based on Plaintiffs' "Declaratory Judgment" title for this count, MIT states that, with respect to MIT, no actual controversy exists within the meaning of the Massachusetts Declaratory Judgment statute, G.L. c. 231A. MIT denies the remaining allegations.

74.     The allegations of Paragraph 74 assert legal conclusions to which no response is required, and MIT thereby denies the same. Further answering, MIT states that, with respect to MIT, no actual controversy exists within the meaning of the Massachusetts Declaratory Judgment statute, G.L. c. 231A. MIT denies the remaining allegations.

75.     Denied.

## COUNT IX
### Negligence

76.     MIT repeats, realleges, and incorporates by reference herein its answers to Paragraphs 1 through 75 of the Complaint.

77.     A response by MIT to the allegations of Paragraph 77 is not required, because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 77 which relate to MIT to which a response is required, MIT denies those allegations.

78.   A response by MIT to the allegations of Paragraph 78 is not required because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 78 which relate to MIT to which a response is required, MIT denies those allegations.

79.   A response by MIT to the allegations of Paragraph 79 is not required because the allegations assert legal conclusions to which no response is required or do not relate to MIT, and MIT thereby denies the same. To the extent that there are factual allegations in Paragraph 79 which relate to MIT to which a response is required, MIT denies those allegations, and denies that Plaintiffs are entitled to any of the relief prayed for in the Complaint.

## Requested Relief

MIT denies that Plaintiffs are entitled to any of the relief requested in Paragraphs A through H of their Prayer for Relief.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against MIT upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred because plaintiff has not suffered any injury in fact.

### THIRD DEFENSE

Plaintiffs' alleged harm, if any, was the result of plaintiffs' own conduct, for which MIT is not responsible.

### FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

**FIFTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of waiver.

**SIXTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of laches.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred by the applicable statutes of limitations.

**NINTH DEFENSE**

Plaintiffs' claims are not yet ripe for review.

**TENTH DEFENSE**

Plaintiffs' claims fail for lack of cognizable damages.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred by their failure to exhaust administrative remedies.

**TWELFTH DEFENSE**

Plaintiff Alnylam lacks standing to sue.

**THIRTEENTH DEFENSE**

This Court lacks the authority to grant the injunctive relief sought by Plaintiffs because the Court is barred from intervening in an ongoing patent prosecution before the United States Patent and Trademark Office.

**FOURTEENTH DEFENSE**

To the extent applicable, MIT is entitled to the limitations on liability set forth in M.G.L. c. 231, § 85K.

**FIFTEENTH DEFENSE**

Some or all of Plaintiffs' damages claims are barred by the parties' contractual limitations on liability for damages in the Joint Invention and Joint Marketing Agreement and the Joint Invention and Joint Marketing Agreement for RNAi Therapeutic Purposes.

**SIXTEENTH DEFENSE**

MIT reserves the right to assert additional defenses when it determines the particulars of Plaintiffs' claims against MIT, which are not apparent on the face of the Complaint.

WHEREFORE, MIT respectfully requests that this Court:

1. Dismiss the Complaint against MIT with prejudice;
2. Award MIT its costs and attorneys' fees;
3. Grant such other and further relief as is just and appropriate.

Respectfully submitted,

**MASSACHUSETTS INSTITUTE OF TECHNOLOGY**

By its attorneys,

/s/   Daryl L. Wiesen
Daryl L. Wiesen (BBO# 634872)
dwiesen@goodwinprocter.com
Natasha N. Aljalian (BBO# 643950)
naljalian@goodwinprocter.com
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000
Fax: (617) 523-1231

Dated: August 25, 2009

**CERTIFICATE OF SERVICE**

      I, Daryl L. Wiesen, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 25, 2009.

                                                   /s/     Daryl L. Wiesen