```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| MAX-PLANCK-GESELLSCHAFT ZUR FÖRDERUNG DER WISSENCHAFTEN E.V., MAX-PLANK-INNOVATION GMBH, and ALNYLAM PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, and BOARD OF TRUSTEES OF THE UNIVERSITY OF MASSACHUSETTS, <br><br> Defendants. | CIVIL ACTION NO. 09-11116-PBS |

**ORDER RE: MOTION TO DISMISS THE FIRST AMENDED
COMPLAINT BY THE WHITEHEAD INSTITUTE (Docket No. 185)**

June 11, 2010

SARIS, U.S.D.J.

After review of the briefs, the Court rules on the Motion to Dismiss the First Amended Complaint[1] filed by the Whitehead Institute ("Whitehead") as follows:

1. The Court **DENIES** the motion to dismiss Count I (Breach of Contract) and Count II (Breach of the Implied Covenant of Good Faith and Fair Dealing).

2. The Court **DENIES** the motion to dismiss Count III (Breach

---

[1] The court assumes familiarity with the underlying facts as set forth in the September 1, 2009, Memorandum and Order denying plaintiffs' Motion for Preliminary Injunction. (Docket No. 83.)

of Fiduciary Duty) to the extent that it claims Whitehead breached a duty owed to Max Planck.  However, the First Amended Complaint has not stated sufficient facts to demonstrate that Whitehead owed a fiduciary duty to Alnylam, which received a semi-exclusive license to the Tuschl I patents and applications from the Max Planck Society, Whitehead, and MIT.  (Am. Compl. ¶¶ 30, 37.)  A contractual relationship, without more, does not trigger a fiduciary duty.  See Baker v. Goldman Sachs & Co., 656 F. Supp. 2d 226, 236 (D. Mass. 2009) ("A fiduciary duty is an extra-contractual duty.").  To state a claim of breach of fiduciary duty, a plaintiff must set forth allegations beyond the mere terms of the contract that created a relationship of higher trust between the parties.  See id.  Further, "an arms-length licensor/licensee type relationship, without more, is not fiduciary in nature."  Reuben H. Donnelly Corp. v. Mark I Mktg. Corp., 893 F. Supp. 285, 289-90 (S.D.N.Y. 1995) (construing New York law).  Because plaintiffs have offered no facts supporting a plausible claim of a relationship of trust and confidence between Whitehead and Alnylam, the Court **ALLOWS** the motion to dismiss Alnylam's breach of fiduciary duty claim.

    3.  The Court **ALLOWS** the motion to dismiss the claim of Waste (Count IV) against Whitehead on the ground that in this context it seems duplicative of the claim that Whitehead breached a fiduciary duty to protect the asset entrusted to it, the Tuschl

II invention.  Furthermore, for the reasons indicated in ¶ 2, Alnylam has not stated a fiduciary relationship with Whitehead.

    4.  The Court **ALLOWS** the motion to dismiss Count V (Interference with Advantageous Business Relations).  Plaintiffs allege that they "possessed a prospective economic advantage in the marketplace derived from their exclusive license agreements relating to the Tuschl II invention." (Am. Compl. ¶ 109.)  To state a cause of action, plaintiffs must allege a specific future business relationship that was interfered with by Whitehead.  See Singh v. Blue Cross/Blue Shield of Mass., Inc., 308 F.3d 25, 48 (1st Cir. 2002).  Here Alynylam alleges that as a result of UMass' license to a third party, it lost an opportunity to grant a sublicense to a separate company.  (Am Compl. ¶ 81.)  However, there is no allegation that Whitehead knowingly induced the breach of that relationship.  See Blackstone v. Cashman, 448 Mass. 255, 260, 860 N.E. 2d 7, 12-13 (2007) (identifying this requirement for the tort).

    5.  The motion to dismiss the claim for Unjust Enrichment (Count VI) is **DENIED WITHOUT PREJUDICE**, subject to further analysis of the statute of limitations issue.

    6.  The motion to dismiss the claim under Mass. Gen. Laws ch. 93A with respect to the misuse of the Tuschl II information (Count VII) is **DENIED**.  However, Max Planck's claim against Whitehead may be viable only if there is a jury finding of no

fiduciary duty between the two entities.

7. The motion to dismiss the declaratory judgment claim with respect to the ownership of the Tuschl II material (Count VIII) is **DENIED**.

8. The motion to dismiss the negligence claim (Count IX) is **ALLOWED**, as that claim is time-barred. Plaintiffs allege that "Whitehead acted negligently when prosecuting the Tuschl I applications by including the Tuschl II invention in those applications, even when it became clear that by doing so Plaintiffs would be deprived of the commercial value of the Tuschl II invention." (Am. Compl. ¶ 128.) Plaintiffs knew about this claim in late 2004, nearly five years before raising it in their initial Complaint. (Id. ¶ 48.)

9. Plaintiffs' newly-asserted claims for breach of contract (Count X), the implied covenant (Count XI), and fiduciary duty (Count XIII), negligent misrepresentation (Count XII), violation of Mass. Gen. Laws. ch. 93A (Count XVII), and declaratory judgment (Count XVIII) all relate to Dr. Zamore's 2001 assignment of his rights in the Tuschl I invention to UMass rather than to Whitehead. The assignment occurred prior to the contracts at issue, and was made a matter of public record at the United States Patent and Trademark Office at that time. (Id. ¶ 62.) Whitehead argues that each of these claims is time-barred.

The statute of limitations is six years for contract claims,

three years for negligent misrepresentation and breach of fiduciary duty claims, and four years for claims under Mass. Gen. Laws. ch. 93A.  Mass. Gen. Laws ch. 260, §§ 2, 2A, 5A (establishing periods for breach of contract, tort claims, and claims under Ch. 93A).

Breach of contract claims accrue at the time of breach, Berkshire Mut. Ins. Co. v. Burbank, 422 Mass. 659, 661, 664 N.E.2d 1188, 1189 (1996), and a cause of action in tort or under ch. 93A arises when a plaintiff "knew or should have known of the alleged injury."  Lambert v. Fleet Nat. Bank, 449 Mass. 119, 126, 865 N.E.2d 1091, 1097 (2007).  "The 'notice' required is not notice of every fact which must eventually be proved . . . . Rather, 'notice' is simply knowledge that an injury has occurred."  White v. Peabody Const. Co., 386 Mass. 121, 130, 434 N.E.2d 1015, 1020-21 (1982) (internal citation omitted); see also Doe v. Harbor Schs., Inc., 446 Mass. 245, 256, 843 N.E.2d 1058, 1067 (2006) (requiring "[a]ctual knowledge of injury suffered at a fiduciary's hands, not knowledge of the consequences of that injury (i.e., a legal claim against the fiduciary)"); Int'l Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 29 Mass. App. Ct. 215, 221, 560 N.E.2d 122, 125 (1990) (following similar rules for Ch. 93A actions).

Whitehead argues that these causes of action accrued in 2003, when plaintiffs first challenged the validity of Zamore's assignment, and more than six years before they raised them in

this action.  On September 5, 2003, Alnylam CEO John Maraganore sent a letter to Whitehead Director Susan Lindquist arguing that, under Whitehead's intellectual property policy, the work done by Zamore in Whitehead's facilities should belong to Whitehead, not UMass.  Maraganore argued that UMass's claimed interest in the Tuschl I invention was invalid and stated that

> [a]s the exclusive licensee to Whitehead's ownership of
> the Joint Patent Rights, we believe you have an
> obligation to us to defend the ownership interest
> licensed to us, and we request that you inform UMASS of
> their misunderstanding in this matter and assert your
> rightful claim to full ownership of all interests . . .
> based on Dr. Zamore's work.

(Am. Compl. ¶ 64.)  In January 2004, Whitehead told Maraganore that it had investigated decided not to pursue the matter.  (Id. ¶ 67.)  Plaintiffs first raised a legal claim based on this issue in their Amended Complaint, more than six years after Maraganore's letter.

Plaintiffs do not deny the foregoing events and, indeed, refer to them explicitly in the Complaint.  Instead, they allege fraudulent concealment based on Whitehead's assertions "that it had investigated the matter and had decided not to take any action."  (Id.)  Plaintiffs claim they later learned that Whitehead had never conducted a good faith investigation and had instead been bullied by UMass into dropping the issue through threats of litigation and bad publicity.

> When a defendant fraudulently conceals a cause of
> action from the knowledge of the plaintiff, the statute
> of limitations is tolled under G.L. c. 260, § 12 . . .

> . Where a fiduciary relationship exists, the failure .
> . . to disclose the facts that would give rise to
> knowledge of a cause of action . . . is equivalent to
> fraudulent concealment . . . .

Demoulas v. Demoulas Super Mkts., Inc., 421 Mass. 501, 519, 677 N.E.2d 159, 174 (1997).[2]  Even taking as a given the inadequacy of Whitehead's investigation -- as the Court must on a Motion to Dismiss -- there is no dispute that plaintiffs knew in 2003 all the facts relevant to these new claims, predicated on Whitehead's alleged decision not to claim its entire interest in the Tuschl I application, but rather to relinquish part of it to UMass.  See id., 424 Mass. at 519, 677 N.E.2d at 174 ("[A] plaintiff need only show that the facts on which the cause of action is based were not disclosed to him by the fiduciary.") (emphasis added); Bowen v. Eli Lilly & Co., Inc., 408 Mass. 204, 208, 557 N.E.2d 739, 742 (1990) (holding that the limitations period does not run until the plaintiff has "(1) knowledge or sufficient notice that [it] was harmed and (2) knowledge or sufficient notice of what the cause of harm was.").  Plaintiffs make no allegation that Whitehead concealed any fact upon which those claims are based;

---

[2] The statute provides as follows:

> If a person liable to a personal action fraudulently
> conceals the cause of such action from the knowledge of
> the person entitled to bring it, the period prior to
> the discovery of his cause of action by the person so
> entitled shall be excluded in determining the time
> limited for the commencement of the action.

> Mass. Gen. Laws. ch. 260, § 12.

they merely claim that Whitehead concealed the inadequacy of its inquiry into the matter, a cause of action they do not assert.

Since the statute of limitations on each of these claims has run, the Court **ALLOWS** the motion to dismiss Counts X, XI, XII, XIII, XVII, and XVIII.

/s/PATTI B. SARIS
PATTI B. SARIS
United States District Judge