```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| MAX-PLANCK-GESELLSCHAFT ZUR FÖRDERUNG DER WISSENCHAFTEN E.V., MAX-PLANK-INNOVATION GMBH, and ALNYLAM PHARMACEUTICALS, INC.,<br><br>        Plaintiffs,<br><br>        v.<br><br>WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH and BOARD OF TRUSTEES OF THE UNIVERSITY OF MASSACHUSETTS,<br><br>        Defendants. | CIVIL ACTION NO. 09-11116-PBS |

### ORDER RE: MOTION TO DISMISS THE FIRST AMENDED COMPLAINT BY THE UNIVERSITY OF MASSACHUSETTS

June 11, 2010

SARIS, U.S.D.J.

After hearing and review of the briefs, the Court rules on the Motion to Dismiss the First Amended Complaint filed by the University of Massachusetts ("UMass") as follows:

1. The Court **ALLOWS** the motion to dismiss Counts V (interference with advantageous business relations), XII (negligent misrepresentation), XIV (slander of title), and XVI (intentional interference with contractual and business relations). As to negligent misrepresentation, plaintiffs did not timely present their claim in writing to the Attorney General

of the Commonwealth as required by the Massachusetts Tort Claims Act ("MTCA").  Mass. Gen. Laws ch. 258, § 4; see also Wong v. Univ. of Mass., 438 Mass. 29, 30 n.3, 777 N.E.2d 161, 163 n.3 (2002) ("For purposes of the Commonwealth's consent to be sued, the University of Massachusetts and the Commonwealth are one and the same party, namely the Commonwealth of Massachusetts.") (quotation omitted).  With respect to the other claims, the MTCA provides immunity from all intentional torts.  Mass. Gen. L. Ch. 258, § 10(c); see also Connelly v. Metro Dist. Comm'n, 398 Mass. 140, 149 n.8, 495 N.E.2d 840, 845 n.8 (1986) ("We construe the language of § 10(c) as excluding all intentional torts from the coverage of the Tort Claims Act.") (emphasis original), abrogated on other grounds by Jean W. v. Commonwealth, 414 Mass. 496, 610 N.E.2d 305 (1993).  These defenses were timely raised on UMass's first response to the First Amended Complaint.  See Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999) (holding that the filing of an amended complaint "opens the door for defendants to raise new and previously unmentioned affirmative defenses").

2.  The motion to dismiss the claims for unjust enrichment (Count XV), violations of Mass. Gen. Laws ch. 93A (Count XVII), and declaratory judgment (Count XVIII) relating to Dr. Zamore's assignment of his interest in the Tuschl I invention to UMass is **ALLOWED**.  For the reasons set forth more fully in ¶ 9 of the order addressing defendant Whitehead's motion to dismiss, the

Court concludes that this claim is time-barred, as plaintiffs knew of the facts underlying it in fall 2003, more than six years before they first raised this claim in January 2010.  (Am. Compl. ¶¶ 40-42, 64-67, 176.)

    3.  The Court **DENIES** the motion to dismiss Counts VI (unjust enrichment), VII (violations of Mass. Gen. Laws Ch. 93A) and VIII (declaratory judgment).  Plaintiffs have alleged intentional misrepresentations by University of Massachusetts with respect to licensing the Tuschl II inventions and applications about which they did not become aware until discovery.  (Am. Compl. ¶¶ 70-81).

    /s/ PATTI B. SARIS
PATTI B. SARIS
United States District Judge