# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAX-PLANCK-GESELLSCHAFT ZUR FÖRDERUNG DER WISSENSCHAFTEN E.V., a corporation organized under the laws of Germany; MAX-PLANCK-INNOVATION GMBH, a corporation organized under the laws of Germany; and ALNYLAM PHARMACEUTICALS, INC., a Delaware corporation, | Civil Action No. 2009-11116-PBS **REDACTED VERSION** |
| Plaintiffs, | **HEARING REQUESTED** |
| v. | |
| WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation; BOARD OF TRUSTEES OF THE UNIVERSITY OF MASSACHUSETTS, a Massachusetts corporation, | |
| Defendants. | |

## DECLARATION OF ALAN J. HEINRICH

I, Alan J. Heinrich, declare as follows:

1.      I am an attorney at the law firm of Irell & Manella LLP, counsel to plaintiffs Max-Planck-Gesellschaft zur Förderung der Wissenschaften e.V. ("Max Planck Society"), Max-Planck-Innovation GmbH ("Max Planck Innovation," and, together with Max Planck Society, "Max Planck"), and Alnylam Pharmaceuticals, Inc. ("Alnylam," and together with Max Planck "Plaintiffs").  I am a member in good standing of the State Bar of California, and have been admitted to the Bar of this Court for the purpose of this litigation.  I submit this declaration in connection with Plaintiffs' Opposition to Defendant University of Massachusetts' Motion for

Summary Judgment on Counts VII, XV, XVII, and XVIII.  I have personal knowledge of the matters set forth in this declaration and, if called as a witness, could testify to its contents.

2.      Attached hereto as Exhibit 1 is a true and correct copy of a document produced in this litigation by Alnylam, bates marked ALN0016233-35.

3.      Attached hereto as Exhibit 2 is a true and correct copy of the Corrected Affidavit of Joern Erselius, ECF No. 26.

4.      Attached hereto as Exhibit 3 is a true and correct copy of excerpts from the transcript of the deposition of Monica Gerber, Whitehead Institute for Biomedical Research's ("Whitehead") corporate designee pursuant to Rule 30(b)(6), which was held on November 11, 2009.

5.      Attached hereto as Exhibit 4 is a true and correct copy of a document produced in this litigation by Whitehead, bates marked WHITEHEAD-00010952-56.

6.      Attached hereto as Exhibit 5 is a true and correct copy of excerpts from the transcript of the deposition of Bharat Chowrira, which was held on December 11, 2009.

7.      Attached hereto as Exhibit 6 is a true and correct copy of excerpts from the transcript of the deposition of Lisa Decker, which was held on November 17, 2009.

8.      Attached hereto as Exhibit 7 is a true and correct copy of excerpts from the transcript of the deposition of Howard Robin, which was held on December 10, 2009.

9.      Attached hereto as Exhibit 8 is a true and correct copy of excerpts from the transcript of the deposition of Hemi Chopra, which was held on October 27, 2009.

10.     Attached hereto as Exhibit 9 is a true and correct copy of excerpts from the transcript of the deposition of Chester Bisbee, which was held on December 1, 2009.

11.     Attached hereto as Exhibit 10 is a true and correct copy of a document produced in this litigation by Merck, bates marked MER-T0003870-914.

12.     Attached hereto as Exhibit 11 is a true and correct copy of a document produced in this litigation by Merck, bates marked MER-T0003202-44.

13.     Attached hereto as Exhibit 12 is a true and correct copy of a document produced in this litigation by Merck, bates marked MER-T0003133-67.

14.     Attached hereto as Exhibit 13 is a true and correct copy of a document produced in this litigation by Merck, bates marked MER-T0004832-88.

15.     Attached hereto as Exhibit 14 is a true and correct copy of a document that was previously marked as Deposition Exhibit 883 at the deposition of Howard Robin, former CEO of Sirna Therapeutics, Inc., which was held on December 10, 2009.

16.     Attached hereto as Exhibit 15 is a true and correct copy of excerpts from the transcript of the deposition of John Maraganore, Alnylam's corporate designee pursuant to Rule 30(b)(6), which was held on March 22, 2010.

17.     Attached hereto as Exhibit 16 is a true and correct copy of excerpts from the transcript of the deposition of Barry Greene, Alnylam's corporate designee pursuant to Rule 30(b)(6), which was held on March 11, 2010.

18.     Attached hereto as Exhibit 17 is a true and correct copy of a document produced in this litigation by Alnylam, bates marked ALN0115809-38.

19.     Attached hereto as Exhibit 18 is a true and correct copy of excerpts from the transcript of the deposition of James McNamara, corporate designee for the University of Massachusetts pursuant to Rule 30(b)(6), which was held on December 2, 2009.

20.     Attached hereto as Exhibit 19 is a true and correct copy of the Stipulated Protective Order in this case, ECF No. 90.

21.     Attached hereto as Exhibit 20 is a true and correct copy of Mass. G.L. c. 75, § 14A.

22.     Attached hereto as Exhibit 21 is a true and correct copy of excerpts from the transcript of the deposition of Patricia Granahan, Whitehead's corporate designee pursuant to Rule 30(b)(6), which was held on November 17, 2009.

23.     Attached hereto as Exhibit 22 is a true and correct copy of a document produced in this litigation by the Massachusetts Institute of Technology, bates marked MIT-002708.

Executed on September 9, 2010, in Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.


                                                    */s/ Alan J. Heinrich*
                                        _____
                                                      Alan J. Heinrich

**<u>Certificate of Service</u>**

I, Thomas F. Maffei, hereby certify that a true copy of the above document was served upon the attorney of record for each of Defendants Whitehead Institute of Biomedical Research and the University of Massachusetts on September 9, 2010.


_/s/ Thomas F. Maffei_
Thomas F. Maffei