## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

MAX-PLANCK-GESELLSCHAFT ZUR
FÖRDERUNG DER WISSENSCHAFTEN
E.V., MAX-PLANCK-INNOVATION
GMBH, and ALNYLAM
PHARMACEUTICALS, INC.,

                Plaintiffs,

v.

WHITEHEAD INSTITUTE FOR
BIOMEDICAL RESEARCH,
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY, and
BOARD OF TRUSTEES OF THE
UNIVERSITY OF MASSACHUSETTS,

                Defendants.

**ORAL ARGUMENT REQUESTED**

Civil Action No.  09-CV-11116-PBS

## UNIVERSITY OF MASSACHUSETTS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO PRESERVE THE STATUS QUO AMONG THE CO-OWNERS OF THE TUSCHL I APPLICATIONS *PENDENTE LITE*

Defendant University of Massachusetts ("UMass") hereby moves this Court for an order

to preserve the status quo *pendente lite* in light of actions taken this week by Whitehead Institute

and Max Planck each purporting to give notice of termination of the 2001 Joint Invention and

Joint Marketing Agreement (the "2001 Agreement").   UMass seeks a temporary restraining

order and preliminary injunction to prevent threatened termination of the 2001 Agreement *as*

*soon as 6:00 p.m. on Thursday, October 21, 2010*.

The circumstances in this case have changed rapidly and dramatically in the wake of this

Court's summary judgment ruling in *Max Planck-Gesellschaft Zur Foerderung der*

*Wissenschaften E.V. v. Wolf Greenfield & Sacks*, *PC*, --- F. Supp. 2d ---, 2010 WL 3553988 (D.

Mass. Sept 14, 2010) (the "Wolf Greenfield Decision").  On September 20, 2010, Max Planck

threatened Wolf Greenfield with claims for unspecified damages if Wolf Greenfield did not

immediately withdraw from all prosecution of Tuschl I applications worldwide.  The next day,

Wolf Greenfield notified Whitehead that it was withdrawing as counsel for the prosecution of

Tuschl I.  Whitehead then wrote the co-owners on September 22, 2010, requesting written

confirmation that they would cooperate with Whitehead's retention of new prosecution counsel

who would represent Whitehead alone and be empowered to carry out Whitehead's instructions,

consistent with Whitehead's final decision-making authority under the 2001 Agreement.

Whitehead indicated that, if it did not receive such confirmation from each co-owner on

September 27, 2010**,** it would thereupon terminate the Agreement.

In response, MIT and UMass provided the requested confirmation.  Max Planck,

however, refused, and instead purported to send its own termination notice, to become effective

unless within 60 days Whitehead cures unspecified breaches involving the "improper

prosecution of the Tuschl I applications."

On Monday evening, Whitehead responded to Max Planck, stating that unless Max

Planck agreed to cooperate in Whitehead's engaging new prosecution counsel, Whitehead would

terminate the Agreement at 6:00 p.m. EDT on Thursday, September 30, 2010, absent a court

order delaying termination.  Max Planck again refused Whitehead's request.  UMass thereafter

met and conferred with the parties concerning this motion.  Whitehead has agreed to postpone

the termination, but only until 6:00 p.m. on Thursday, October 21.

Termination of the 2001 Agreement would cause UMass substantial and irreparable

harm.  Without the Agreement, no party will have responsibility or authority to prosecute the

Tuschl I applications, and Max Planck will be free to continue blocking all prosecution of Tuschl I in favor of prosecuting its solely-owned Tuschl II applications.  The result would be to utterly destroy the value of UMass's interest in the Tuschl I inventions.  Accordingly, UMass requests relief in order to preserve the status quo, to protect the value of the jointly-owned Tuschl I patent family, and to assure the Court's ability to grant meaningful equitable relief upon resolution of the merits.

Specifically, UMass asks that the Court:

1) enjoin all parties to the 2001 Agreement from terminating the Agreement, which governs patent prosecution procedures for the Tuschl I family of patent applications, until the Court has had an opportunity to consider and resolve the claims raised in this litigation; and

2) order plaintiffs to cooperate with Whitehead in retaining new prosecution counsel representing Whitehead alone in order to permit Whitehead to carry out its responsibilities and final decision-making authority for prosecuting the Tuschl I applications under the 2001 Agreement, which Max Planck has refused to do.

In further support of this Motion, UMass relies on the accompanying Memorandum of Law the Declaration of Barbara A. Fiacco, with attached exhibits in support thereof.

## <u>REQUEST FOR ORAL ARGUMENT</u>

UMass respectfully request oral argument on this Motion at the Court's earliest convenience.

Respectfully submitted,

Dated:  September 29, 2010

**UNIVERSITY OF MASSACHUSETTS**
By its attorneys,

  _/s/ Donald R. Ware_
Donald R. Ware (BBO No. 516260)
  Special Assistant Attorney General
Barbara A. Fiacco (BBO No. 633618)
  Special Assistant Attorney General
Marco J. Quina (BBO No. 661660)
  Special Assistant Attorney General
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
(617) 832-1000

Deirdre Heatwole, Esq. (BBO No. 228245)
  General Counsel
Jean Marie Kelley, Esq. (BBO No. 265540)
  Associate Counsel
University of Massachusetts
33 South Street - 4th Floor
Shrewsbury, MA  01545
(774) 455-7303

## Certificate Pursuant to Local Rule 7.1(A)(2)

I, Donald R. Ware, counsel for University of Massachusetts, hereby certify that counsel conferred with counsel for Plaintiffs and counsel for Whitehead and attempted in good faith to resolve or narrow the issues raised in this Motion.

_/s/ Donald R. Ware_
Donald R. Ware

## Certificate of Service

I, Donald R. Ware, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 29, 2010.

_/s/ Donald R. Ware_
Donald R. Ware