UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MAX-PLANCK-GESELLSCHAFT ZUR FÖRDERUNG DER WISSENSCHAFTEN e.V., a corporation organized under the laws of Germany; MAX-PLANCK-INNOVATION GMBH, a corporation organized under the laws of Germany; and ALNYLAM PHARMACEUTICALS, INC., a Delaware corporation,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation; BOARD OF TRUSTEES OF THE UNIVERSITY OF MASSACHUSETTS, a Massachusetts corporation,<br><br>　　　　　　Defendants. | Civil Action No. 2009-11116-PBS |

**ALNYLAM'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL RETURN OF UNREDACTED ATTORNEY INVOICES IMPROPERLY RETAINED BY DEFENDANTS**

Pursuant to the Court's order following the September 20, 2010 Hearing on Alnylam's Motion to Compel Return of Unredacted Attorney Invoices Improperly Retained By Defendants, Plaintiff Alnylam Pharmaceuticals, Inc. ("Alnylam") submits this supplemental memorandum with appended copies of unredacted attorney invoices from Fenwick & West LLP ("Fenwick & West"), bearing Bates Nos. ALN0196325-ALN0196462 (Exhibit 1); Bingham McCutchen LLP ("Bingham McCutchen"), bearing

2311344 02

Bates Nos. MP0010316-MP0010342 (Exhibit 2); and Rothwell, Figg, Ernst & Manbeck P.C. ("Rothwell Figg"), bearing bates Nos. ALN0196315-ALN0196324 (Exhibit 3).

Selected entries of the attached invoices are highlighted to indicate attorney work product to which Defendants are not entitled. *See Carey v. Textron, Inc.*, 224 F.R.D. 530, 531 (D. Mass. 2004) ("The work-product doctrine exists to protect the 'mental impressions' of attorneys from discovery by the opposing party where there is no 'showing of necessity'."). Alnylam respectfully requests that the Court order the return or destruction of the invoices that reflect the highlighted entries and allow Alnylam to replace them with these entries redacted.

The following examples illustrate the work product contained in these invoices:

Alnylam would not have produced these unredacted attorney invoices from Fenwick & West, Bingham McCutchen, or Rothwell Figg except for the Court's June 2, 2010 order to do so in support of Alnylam's claim for damages—which it has since withdrawn.

Alnylam respectfully requests that the Court order the return or destruction of these unredacted attorney invoices and permit Alnylam to replace them with redacted copies that remove the entries that are highlighted in Exhibits 1-3 to this memorandum.

Respectfully submitted,

MAX-PLANCK-GESELLSCHAFT ZUR FÖRDERUNG DER WISSENSCHAFTEN e.V.; MAX-PLANCK-INNOVATION GmbH; AND ALNYLAM PHARMACEUTICALS, INC.

By their attorneys

Of counsel
Morgan Chu (70446) pro hac
David I. Gindler (117824) pro hac
Michael H. Strub, Jr. (153828) pro hac
Alan J. Heinrich (212782) pro hac
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010

 */s/ Thomas F. Maffei*
Thomas F. Maffei (BBO 313220)
Scott McConchie (BBO 634127)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, Massachusetts 02110
(617) 542-9900

Dated:  October 1, 2010

- 3 -

**Certificate of Service**

I, Thomas F. Maffei, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 1, 2010.

*/s/ Thomas F. Maffei*
Thomas F. Maffei
