UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAX-PLANCK-GESELLSCHAFT ZUR FÖRDERUNG DER WISSENSCHAFTEN e.V., a corporation organized under the laws of Germany; MAX-PLANCK-INNOVATION GMBH, a corporation organized under the laws of Germany; and ALNYLAM PHARMACEUTICALS, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation; BOARD OF TRUSTEES OF THE UNIVERSITY OF MASSACHUSETTS, a Massachusetts corporation,<br><br>        Defendants. | Civil Action No. 2009-11116-PBS |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' STATEMENTS OF FACTS 28 AND 29 AND SUPPORTING DOCUMENTS**

Plaintiffs Max-Planck-Gesellschaft zur Förderung der Wissenschaften e.V. ("Max Planck Society"), Max-Planck-Innovation GmbH ("Max Planck Innovation," and, together with Max Planck Society, "Max Planck"), and Alnylam Pharmaceuticals, Inc. ("Alnylam," and together with Max Planck, "Plaintiffs") submit this opposition to Defendants' Motion to Strike Plaintiffs' Statements of Facts 28 and 29 and Supporting Documents.

The sole basis for Defendants' motion is that Plaintiffs did not file the same exact documents with the Court twice. On its face, it is a frivolous argument and a transparent attempt to avoid this Court's well- reasoned summary judgment ruling in *Max Planck v. Wolf Greenfield.*

*See* September 14, 2010 Memorandum and Order in *Max Planck v. Wolf Greenfield & Sacks, PC*, Civil Action No. 09-11168-PBS, Dkt. # 108, __ F. Supp. 2d __ (D. Mass. 2010).

  Defendants' first argument is that Plaintiffs did not place the incorporated materials "on file" and make them "of record" in "a concise statement" in the District Court as required by Fed. R. Civ. P. 56 and Local Rule 56.1.  Defendants' Motion to Strike Plaintiffs' Statements of Facts 28 and 29 and Supporting Documents ("Motion") at 2.  Defendants, however, fail to explain how or why Plaintiffs' incorporation by reference fails to satisfy the rules' requirements.  The materials were "filed" with this same Court in *Wolf Greenfield* and remain identifiable and accessible in the Court's docketing "record."  Plaintiffs' Statements of Facts 28 and 29 and the supporting documents are clearly "on file" and "of record" in this Court.

  Defendants next contend that Plaintiffs did not submit "**a** concise" statement of facts.  *See* Motion at 2 (emphasis in original).  This is a further hollow attempt to elevate form over substance.  Defendants contend that by incorporating by reference selected portions of the *Wolf Greenfield* statements of facts, Plaintiffs submitted three statements of facts rather than one.  Defendants are insisting on a distinction without a difference.  Of course, Plaintiffs could have cut and pasted the incorporated paragraphs and attached duplicates of the referenced exhibits to the instant summary judgment papers to make "one" redundant set of documents, as Defendants' logic compels.  Instead, Plaintiffs obtained the same result in a more efficient and less burdensome manner.  Indeed, it was the same desire to avoid redundancy that led the parties to agree, with Court approval, to cross-reference depositions and documents produced between this case and the *Wolf Greenfield* case throughout the litigation.

  Defendants also argue that Plaintiffs "did not provide them with the full summary judgment record in the WGS Action until a week after they filed the instant motion for summary judgment, effectively cutting short Defendants [sic] time to respond by a full week."  This is simply not true.  Plaintiffs provided Defendants with courtesy copies of the *Wolf Greenfield* summary judgment papers this past August—long before Plaintiffs filed their summary judgment motion.  *See* 8/26/10 email from Haberny to counsel, Haberny Decl. Ex. 1.  These courtesy

copies inadvertently included a few redacted exhibits—which Defendants did not point out until weeks later.  However, every one of those exhibits was already in Defendants' possession, as they had been previously produced in this case and were identified by Bates Number, deposition citation, or docket number in the *Wolf Greenfield* statements of facts and Mone declarations. Though as a courtesy, Plaintiffs immediately replaced the exhibits with unredacted versions, Defendants themselves could have promptly and effortlessly located those few documents in their own files during the month between Plaintiffs' service of the courtesy copies and the filing of the instant summary judgment motion.

      Plaintiffs' incorporation by reference of the *Wolf Greenfield* materials was a proper—and efficient—method of placing documents before the Court in support of their summary judgment motion.  Neither the Federal Rules of Civil Procedure nor this Court's local rules required Plaintiffs to burden the Court by filing exactly the same documents twice.  Defendants have cited no support to the contrary.  Defendants' motion should be denied in its entirety.

- 4 -

        Respectfully submitted,

        MAX-PLANCK-GESELLSCHAFT ZUR
        FÖRDERUNG DER WISSENSCHAFTEN e.V.;
        MAX-PLANCK-INNOVATION GmbH; AND
        ALNYLAM PHARMACEUTICALS, INC.

        By their attorneys

        */s/ Thomas F. Maffei*_____
        Thomas F. Maffei (BBO 313220)
        Scott McConchie (BBO 634127)
        GRIESINGER, TIGHE & MAFFEI, LLP
        176 Federal Street
Of counsel        Boston, Massachusetts 02110
Morgan Chu (70446) pro hac   (617) 542-9900
David I. Gindler (117824) pro hac
Michael H. Strub, Jr. (153828) pro hac
Alan J. Heinrich (212782) pro hac
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010

Dated:  October 20, 2010

                */s/ Thomas F. Maffei*
                    Thomas F. Maffei

## Certificate of Service

I, Thomas F. Maffei, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 20, 2010.

*/s/ Thomas F. Maffei*
Thomas F. Maffei
