UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAX-PLANCK-GESELLSCHAFT ZUR FÖRDERUNG DER WISSENSCHAFTEN E.V., MAX-PLANCK-INNOVATION GMBH, and ALNYLAM PHARMACEUTICALS, INC., ) ) ) ) ) | |
| Plaintiffs, ) v. ) ) | CIVIL ACTION NO. 09-11116-PBS |
| WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH and BOARD OF TRUSTEES OF THE UNIVERSITY OF MASSACHUSETTS, ) ) ) ) | |
| Defendants. ) | |

### SUPPLEMENTAL ORDER ON ALNYLAM'S MOTION
### TO COMPEL RETURN OF ATTORNEY INVOICES

November 2, 2010

DEIN, U.S.M.J.

Pending before the court is "Alnylam's Motion to Compel Return of Unredacted Attorney Invoices Improperly Retained by Defendants" (Docket No. 409). Following an initial hearing on the motion on September 21, 2010, this court issued an Order in which it denied the motion to the extent that it sought the return or destruction of all unredacted attorney invoices that Alnylam had produced to the defendants, but deferred a final ruling on the motion in order to provide Alnylam with an opportunity to establish that specific documents should be returned on the grounds that they are privileged. Subsequently, the parties filed supplemental materials and presented oral arguments addressing Alnylam's claim that certain of the invoices contain attorney work product and should be returned or

destroyed so that Alnylam can reproduce them in redacted form.  After consideration of the parties' supplemental filings and their oral arguments, the motion is hereby DENIED for the reasons that follow.

Alnylam claims that the highlighted portions of its attorney invoices, which are included in Exhibits 1 through 3 attached to the plaintiff's supplemental memorandum (Docket No. 465), constitute attorney work product and should therefore be protected.  In order to qualify as work product, the materials in question "must be (1) documents and tangible things (2) prepared in anticipation of litigation or for trial (3) by the party or the party's representative."  United States v. Mass. Inst. of Tech., 957 F. Supp. 301, 305 (D. Mass. 1997), aff'd in part and vacated in part on other grounds, 129 F.3d 681 (1st Cir. 1997).  "The party seeking work product protection has the burden of establishing its applicability."  In re Grand Jury Subpoena, 220 F.R.D. 130, 140 (D. Mass. 2004).

Significantly, "the protection of the work product doctrine is limited to work in anticipation of litigation."  United States v. Randall, 194 F.R.D. 369, 373 (D. Mass. 1999).  Thus, "[t]he work product doctrine protects 'the files and the mental impression[s] of an attorney . . . reflected . . . in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways' prepared in anticipation of litigation."  Id. (quoting Hickman v. Taylor, 329 U.S. 495, 510-11, 67 S. Ct. 385, 393, 91 L. Ed. 451 (1947)).  However, "it does not typically extend to the underlying facts contained within those materials."  In re Grand Jury Subpoena, 220 F.R.D. at 141 (citations omitted).  Nor does it apply to

"'[m]aterials assembled in the ordinary course of business . . . or for other nonlitigation purposes[.]'" Mass. Inst. of Tech., 957 F. Supp. at 305 (quoting Fed. R. Civ. P. 26(b)(3) advisory committee's note).[1]

In the instant case, Alnylam has not met its burden of showing that the highlighted portions of its invoices constitute attorney work product. While the invoices include brief descriptions of work that was performed by attorneys for the plaintiff in connection with or in anticipation of litigation, Alnylam has not established that the invoices themselves were prepared "in anticipation of litigation" within the meaning of the work product doctrine. In particular, Alnylam has not cited to any case law or presented any argument indicating that the invoices should be considered anything other than billing records prepared in the ordinary course of business.

Moreover, Alnylam has not established that the highlighted entries in the invoices reflect the types of work product material which the privilege was designed to protect. The work product doctrine "protects from discovery materials that contain or indicate the cognitive processes of an attorney." Mass. Inst. of Tech., 957 F. Supp. at 303. Thus, courts give greater protection to "materials that contain the mental impressions, conclusions, opinions, or legal theories of an attorney[.]" In re Grand Jury Subpoena, 220 F.R.D. at 144 (internal quotation omitted). However, even a cursory review of the

---

[1] "[T]he work product doctrine was partially codified in Federal Rule of Civil Procedure 26(b), as part of the 1970 Amendments to the Federal Rules." In re Grand Jury Subpoena, 220 F.R.D. at 141.

highlighted entries illustrates that the invoices reflect little if anything about the attorneys' thought processes. For example, but without limitation, Alnylam has highlighted the following entries in the invoices it received from its attorneys at Fenwick & West LLP:

| | | |
|---|---|---|
| 04/10/08 | MXS | Confer with Ms. Morrow Re Litigation Strategy and Needed Proofs. |
| 04/22/08 | CMM | Telephone Conference with M. Shuster Regarding Potential Causes of Action. |
| | | ... |
| 04/29/08 | CMM | Revise Draft JDA; Review Draft Update on Rothwell Figg Discussions. |
| | | ... |
| 04/30/08 | CMM | Attention to Joint Defense Agreement. |

(Pl. Supp. Mem. (Docket No. 465) at Ex. 1, Bates No. ALN0196331) (time and billing amounts omitted). Similar highlighted entries can be found throughout the invoices. On their face, there is nothing in these entries which warrants protection on the grounds that they reflect attorneys' mental processes.

Even if the invoices could arguably constitute work product, this court finds that Alnylam has waived any claim of privilege. "[T]he prevailing rule [is] that disclosure to an adversary, real or potential, forfeits work product protection." Mass. Inst. of Tech., 129 F.3d at 687. Alnylam's intentional production of the unredacted invoices to the defendants in this case was a disclosure to an adversary. "The cases treat this situation as one in which the work product protection is deemed forfeit." Id.

Alnylam argues that it should not be deemed to have waived the privilege because its production was not voluntary, but rather was made pursuant to an order from the District Judge to produce the invoices unredacted. (Pl. Reply Mem. (Docket No. 438-1) at 3-4). This court disagrees. First of all, the District Court instructed Alnylam to provide the defendants with copies of its unredacted invoices in order to enable the defendants to defend against Alnylam's claim for attorneys' fee damages. (Id. at 4). It was Alnylam's decision to claim those fees as damages that put the invoices at issue. See Mass. Inst. of Tech., 129 F.3d at 686 (finding that defendant's disclosure of attorney-client communications to audit agency was voluntary, even if defendant was obligated to make such disclosure, because defendant chose to put itself in the position of becoming a government contractor). The fact that Alnylam later elected to withdraw its claim for attorneys' fee damages does not alter the fact that the disclosure order resulted from Alnylam's strategic decision about how to conduct the litigation. Therefore, Alnylam's production was not involuntary.

Furthermore, there is no evidence that Alnylam took steps to protect any privilege when it produced the unredacted invoices. Although the subject of the need to protect privileged materials was discussed at the hearing before the District Judge at which Alnylam was ordered to produce the invoices, there is no evidence that Alnylam sought to mark any of the entries as confidential work product or to preserve its right to claim a privilege if it later became appropriate. Under the circumstances presented here,

Alnylam's disclosure of the unredacted invoices waived any claim of work product protection.

## ORDER

In sum, the invoices were not prepared in anticipation of litigation, the entries do not reflect the attorneys' mental impressions, and any work product privilege was waived by the voluntary production of the invoices. For all the reasons detailed herein, "Alnylam's Motion to Compel Return of Unredacted Attorney Invoices Improperly Retained by Defendants" (Docket No. 409) is DENIED.

                                                 / s / Judith Gail Dein
                                                 Judith Gail Dein
                                                 United States Magistrate Judge